IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA  :

    v.  :  Criminal Case No. DKC 12-448
        Civil Action No. DKC 20-1372

ANTONIO TIMOTHY BAILEY  :

**MEMORANDUM OPINION**

Antonio Timothy Bailey was sentenced on January 28, 2013, to 192 months in prison, concurrent, for his convictions for possession with intent to distribute cocaine base (count one) and possession of a firearm after a felony conviction (count three). He did not appeal. He filed a motion to vacate under 28 U.S.C. § 2255 through his attorney on June 4, 2020 (ECF No. 27) and another § 2255 motion, *pro se*, on June 15, 2020 (ECF No. 28), asserting error under *Rehaif v. United States*, 139 S.Ct. 2191 (2019).[1] He asserts that his guilty plea was not voluntary or intelligent, or that he is actually innocent of count 3. (ECF No. 28). Mr. Bailey submitted a notice on August 20, 2021, dismissing the counselled § 2255 motion filed at ECF No. 27, but noting that he did not withdraw the claims in his § 2255 motion filed at ECF No. 28. The court approved Mr. Bailey's notice, dismissed the counselled

---

[1] The motion is dated June 5, 2020, and the envelope is postmarked June 8, 2020.

§ 2255 motion filed at ECF No. 27, and directed the government to respond to the remaining claim on August 23, 2021 (ECF No. 30). The Government responded on October 21, 2021, contending that the claim was defaulted and lacks merit. (ECF No. 32). Mr. Bailey did not file a reply.

Although a new Supreme Court decision may enable a petitioner to file a motion to vacate more than one year after his conviction became final, procedural default may still bar consideration of the merits. If a claim was not raised on direct appeal, it may not be raised on collateral review unless the movant can demonstrate cause and prejudice, or actual innocence. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [his or her] actual and substantial disadvantage, infecting [his or her] entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170 (1982). Actual innocence means factual innocence, and not merely legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-34 (1998).

Under the circumstances here, as will be explained, Mr. Bailey cannot overcome that hurdle.

In *Greer v. United States*, 141 S. Ct. 2090, 2100, 210 L. Ed. 2d 121 (2021), the Court held, as to cases on direct appeal:

2

> In felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon. When a defendant advances such an argument or representation on appeal, the court must determine whether the defendant has carried the burden of showing a "reasonable probability" that the outcome of the district court proceeding would have been different. Because *Greer* and *Gary* did not make any such argument or representation on appeal in these cases, they have not satisfied the plain-error test.

In the § 2255 context, this means that Mr. Bailey must demonstrate "actual prejudice" in order to pursue the claim:

> To demonstrate actual prejudice, he would need to show that, if the Court "had correctly advised him of the *mens rea* element of his offense, there is a reasonable probability that he would not have pled guilty." *Greer*, 141 S. Ct. at 2097 (internal quotation marks omitted). In assessing that probability, the Court presumes that Plater was aware of his status as felon. *See id.* (reasoning that "[i]f a person is a felon, he ordinarily knows he is a felon"). Plater has not provided evidence that would tend to show he was unaware of his felon status at the time he possessed his firearm. *See, e.g.*, *United States v. Crawley*, No. CR JPJ 15-001, 2021 WL 2910724, at *3 (W.D. Va. July 12, 2021) (finding no actual prejudice from a *Rehaif* error where defendant failed to provide evidence negating knowledge of his status as a felon); *Rios v. United*

3

>    *States*, No. CR FL 17-139-1, 2022 WL 256486, at
>    *2 (E.D.N.C. Jan. 26, 2022) (same).

*United States v. Plater*, No. CR PJM 13-0622, 2022 WL 912396, at *3 (D. Md. Mar. 29, 2022).  Here, Mr. Bailey had been convicted of 1) possession with intent to distribute a controlled substance and possession of a firearm during a drug trafficking crime in the Circuit Court for Prince George's County Maryland on April 30, 2000; 2) distribution of a controlled dangerous substance in the Circuit Court for Montgomery County Maryland on August 23, 2001; and 3) possession with intent to distribute cocaine in the Superior Court of the District of Columbia on April 13, 2009.  On the first two, he served more than three years initially and a little more when parole was revoked.  Given his criminal history, as in *Plater*, he cannot demonstrate a reasonable probability that he would not have entered a guilty plea had he been informed of the Government's burden to prove knowledge of his prior conviction(s) and his motion to vacate will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's

4

earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted). Upon review of the record, the court finds that Mr. Bailey does not satisfy the above standard. Accordingly, the court will decline to issue a certificate of appealability on the issues which have been resolved against Petitioner. A separate order will follow.

April 6, 2022                                       /s/
                                       DEBORAH K. CHASANOW
                                       United States District Judge